UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE ADAMS,

                    Plaintiff,

          -against-

ELEVENTH JUDICIAL CIRCUIT OF
FLORIDA, et al,

                    Defendants.

26-CV-2677 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action invoking 42 U.S.C. §§ 1983, 1985(3), and Title II of the Americans with Disabilities Act. Plaintiff's claims arise from litigation in Florida regarding ownership of 5401 Collins Avenue, Apt. 828, Miami Beach, Florida. She sues two Florida attorneys involved in that litigation and Defendant "Eleventh Judicial Circuit of Florida."[1] For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406, to the United States District Court for the Southern District of Florida.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff has twice before attempted to bring actions in this district arising from real property matters and related litigation in Florida. *See Adams v. Watson*, No. 25-CV-9915 (LTS) (S.D.N.Y. Dec. 3, 2025) (transferred to S.D. Fl.); *In re: Real Property known as 5401 Collins Avenue #828 Miami Beach, Florida*, No. 25-MC-576, 8 (MKV) (S.D.N.Y. Dec. 17, 2025) (Order denying motion for emergency relief and closing miscellaneous case).

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff sues two Florida attorneys for alleged violations of her federally protected rights in connection with litigation in Florida. Plaintiff alleges that, since August 2012, an occupant remains in her Collins Avenue unit based on a forged quitclaim deed. Plaintiff contends that Florida attorneys Robert Reynolds and Mark Roher coordinated with judicial officials to deprive Plaintiff of her rights and access to court. Plaintiff does not plead facts about the residence of any of the defendants, only asserting that the alleged events giving rise to her claims occurred in state courts in Miami. Because Defendants are employed in Miami, and the alleged events arose from litigation in Florida, it is clear from the face of the complaint that venue is not proper in this district under Section 1391(b)(1), (2).

Where a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Miami, Florida, which is in the Southern District of Florida. *See* 28 U.S.C. § 89(c). Accordingly, venue lies in the Southern District of Florida, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Southern District of Florida, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Florida. The Court waives Local Rule Civil Rule 83.1, which

requires a seven-day delay before the Clerk of Court may transfer a case. Whether Plaintiff should be granted injunctive relief and *in forma pauperis* status are determinations to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 1, 2026
         New York, New York

         /s/ Laura Taylor Swain
         LAURA TAYLOR SWAIN
         Chief United States District Judge